

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW C. GALLAMORE,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 6:08-2133-HFF-WMC |
| COMMISSIONER OF SOCIAL SECURITY<br>ADMINISTRATION,<br>Defendant. | §<br>§<br>§<br>§ | |

## ORDER

This case was filed to obtain judicial review of a final decision of Defendant denying Plaintiff's claim for Social Security disability benefits. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be reversed under sentence four of 42 U.S.C. § 405(g), and the case remanded for further proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 10, 2009, and Defendant filed his objections to the Report on July 20, 2009.

In the Report, the Magistrate Judge concluded that the Administrative Law Judge (ALJ) failed to give appropriate weight to the opinion of Dr. Brunson, Plaintiff's treating physician. The Magistrate Judge also concluded that the ALJ should have ordered a rheumatologic examination of Plaintiff as directed by the Appeals Council. The Magistrate Judge recommended that upon reconsideration of Dr. Bruson's opinion and after reviewing the results of a rheumatological evaluation, the ALJ should also obtain supplemental testimony from a vocational expert.

In his objections, Defendant first defends the ALJ's rejection of Dr. Brunson's opinion, arguing that the ALJ gave persuasive reasons for discounting his opinion. To his credit, the ALJ did provide reasons for discounting the opinion of Dr. Brunson, but the Court agrees with the Magistrate Judge that most of these reasons were irrelevant to Plaintiff's conditions. (Report 18.) Defendant also maintains that four other physicians reached conclusions that failed to reflect the same degree of limitation assessed by Dr. Brunson. However, a closer examination of the reports of those physicians reveals that most of their opinions were generally consistent with Dr. Brunson's evaluation. For example, agency physician Dr. Fass noted that the psychological component of Plaintiff's condition seemed more significant and could be magnifying or escalating the physical condition. (Tr. 140.) Another agency physician noted that, though "subjective," Plaintiff's symptoms were attributable "to a medically determinable impairment." (Tr. 239.) Finally, and most recently, Dr. Thomas stated in the "impression" portion of his report that Plaintiff had "bipolar disorder", "possible fibromyalgia", and pain in various joints. (Tr. 394.) In light of this evidence

and applying the factors set forth in 20 C.F.R. § 416.927(d)(2), the Court agrees with the Magistrate Judge that the ALJ erred by discounting the opinion of Dr. Brunson.

Next, Defendant defends the ALJ's determination that Plaintiff's statements concerning the intensity and limiting effects of his pain were "not entirely credible." (Tr. 28.) The Magistrate Judge noted that the ALJ evidently failed to consider the opinions of Drs. Brunson and Thompson as well as Plaintiff's work record in accessing Plaintiff's credibility. (Report 21.) The Court agrees with the Magistrate Judge. Although the ALJ stated that he was "considering the evidence of record," (Tr. 28), he failed to discuss the fact that Plaintiff had worked a steady job up until his alleged disability. Given the lengths to which the ALJ went in scouring the record for evidence that Plaintiff's numerous complaints to various healthcare professionals lacked credibility, the Court finds this omission, along with the omission of the opinions of Drs. Brunson and Thompson from the credibility analysis, to be irrational and an abuse of discretion. *See Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (noting reviewing court's "duty to scrutinize 'the record as a whole' to determine whether the conclusions reached are rational.") (citation omitted). Thus, Defendant's objections regarding Plaintiff's credibility are overruled.

Defendant also maintains that it was unnecessary for the ALJ to obtain the opinion of a rheumatologist upon remand from the Appeals Council because there was other evidence in the record that provided a sufficient substitute. In a 2007 remand order, the Appeals Council directed the ALJ to obtain additional evidence of Plaintiff's impairments, including "a consultative rheumatologic examination, if available." (Tr. 297.) Defendant concedes that the hearing decision is silent as to whether such an examination was available. However, Defendant points out that the ALJ obtained evidence from an orthopedist upon remand and also accepted the findings of a

3

rheumatologist that Plaintiff had seen in 2002. Nonetheless, an orthopedist is not a rheumatologist, and Plaintiff's alleged condition, fibromyalgia, is rheumatic in nature. *See* 2-F Attorneys' Dictionary of Medicine 1790 (2005) (defining fibromyalgia as a "rheumatic disease"). Thus, the Court agrees with the Magistrate Judge that on remand the ALJ should order a rheumatological examination as required by the Appeals Council or at least explain why such an examination is unavailable.

Finally, Defendant insists that the ALJ included all of Plaintiff's limitations in the hypothetical question to the vocational expert. However, Defendant misconstrues the Magistrate Judge's recommendation. The Magistrate Judge noted the vocational expert's testimony that an individual with the functional limitations assessed by Dr. Brunson could not perform competitive work. (Report 21.) The ALJ rejected this opinion for the same reasons he discounted Dr. Brunson's opinion. (Tr. 30.) Because the Court has previously concluded that the ALJ needs to reevaluate the opinion of Dr. Bruson, the ALJ will correspondingly need to reconsider this opinion of the vocational expert in light of all the evidence produced on remand.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, finding them to be without merit, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision be **REVERSED** under sentence four of 42 U.S.C. § 405(g) and the case **REMANDED** to Defendant for further proceedings.

**IT IS SO ORDERED**.

4

Signed this 31st day of July, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.